IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00782-LTB

**JOSEPH P. COTTER**,

       Plaintiff,

v.

**MR. JOHN HICKENLOOPER**,
Governor of the State of Colorado, in his Official Capacity,

       Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff Joseph P. Cotter resides in Poncha Springs, Colorado.  On April 13, 2015, the Court received a pleading from Plaintiff titled, "Motion for Summary Judgment in Liew [sic] of Opening Brief" [ECF No. 1], which was filed *pro se*.  The Court used the pleading to initiate this action as filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  Plaintiff has been granted leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915 (ECF No. 6).

### A.  Applicable Legal Principles

Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of certain claims.  In this regard, Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In addition, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint.  28 U.S.C. § 1915A(b).

Plaintiff has been granted leave to proceed IFP in this action (ECF No. 6).  Moreover, his Complaint is asserted against an officer or employee of a governmental agency.  Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is:  whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal citations and quotations omitted).  The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.' "

2

*Id*.  The Court thus concluded that the applicable standard is "a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id*.

A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  *See also Conkleton v. Raemisch*, Civil No. No. 14–1271, ___ Fed. App'x ___, 2015 WL 794901 (10th Cir. Feb. 26, 2015); *Ross v. Romero*, 191 Fed. App'x 682 (10th Cir. 2006) (affirming district court's *sua sponte* dismissal of civil rights complaint under 28 U.S.C. § 1915(b).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.  Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile.  *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

For the reasons stated below, the Complaint and the action will be dismissed pursuant to the screening authority set forth above.  The pertinent grounds which will result in the dismissal are addressed below.

**B.  Plaintiff's Claims**

Plaintiff seeks review of an adverse administrative ruling regarding his claim for state workers' compensation benefits.  (ECF No. 1 at 8).  Plaintiff claims that the administrative law judge based his denial of workers' compensation benefits on perjured testimony by a Dr. Brodie.  *Id*. at 8-9.  Plaintiff apparently did not appeal this decision.  However, Plaintiff filed a legal malpractice claim against the attorney who represented him at the workers' compensation hearing, claiming that his attorney failed to file a timely appeal.  *See id*. at 28.  In granting summary judgment to the attorney as to Plaintiff's legal malpractice claim, the District Court for the County of Garfield, Colorado held that the ALJ's denial of Plaintiff's workers' compensation claim was supported by substantial evidence.  *Id*. at 33.  The district court's holding was affirmed by the Colorado Court of Appeals.  *Id*. at 10, *see also id*. at 35-48.  Plaintiff petitioned the United States Supreme Court for a writ of certiorari, which was denied.  *Cotter v. The Law Offices of Paul Gertz, P.C.*, 135 S.Ct. 376 (2014).

Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that the state court proceedings denied him his Fourteenth Amendment right to due process.  *Id*. at 20.  Plaintiff also asks the Court to reverse all rulings that were based on the allegedly perjured testimony and to return his case to state court with certain unspecified instructions.  *Id*. at 20.  In addition, he seeks damages of $38,160,000.00.

## C. Analysis

1.  <u>Defendant Hickenlooper</u>

Plaintiff names only one Defendant in this action, Governor John Hickenlooper in his official capacity.  A suit against Mr. Hickenlooper in his official capacity is considered a suit against the State of Colorado.  The Eleventh Amendment bars suits in federal courts against

unconsenting states by the state's own citizens and by citizens of another state. *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

There is no doubt that the Eleventh Amendment applies. Plaintiff's action is not saved by the fact that he seeks declaratory and injunctive relief. The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief. *See Cory v. White*, 457 U.S. 85, 90–91 (1982). Nor can Plaintiff's case against the state defendants be maintained pursuant to the exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), as that exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). *Accord Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008). Accordingly, this action could be dismissed on this basis alone.

Moreover, however, Mr. Cotter fails to allege facts to implicate Defendant Hickenlooper, in his individual capacity, in a deprivation of his constitutional rights. Personal participation is an essential element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the

unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent responsibilities,"
> the plaintiff must plausibly plead and eventually prove not only
> that the official's subordinates violated the Constitution, but that
> the official by virtue of his own conduct and state of mind did so
> as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

Because Mr. Cotter fails to allege facts to show that Defendant Hickenlooper was

involved personally in a deprivation of his constitutional rights, he is an improper party to this

action.

Finally, even if Plaintiff had alleged personal participation, his allegations fail to state an

arguable claim for relief.

2.       *Rooker-Feldman*

Plaintiff's claims are precluded by the *Rooker-Feldman* doctrine, which provides that

federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims

seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The

*Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997,

1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from

seeking what in substance would be appellate review of the state court judgment in a United

States district court, based on the losing party's claim that the state judgment itself violates the

loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). In addition, the *Rooker-Feldman* doctrine applies to claims brought pursuant to 42 U.S.C. § 1983 that allege injury due to a state administrative ruling that has been upheld by a state court. *See Pretlow v. McPherson*, 497 F. App'x 846, 847-48 (10th Cir. 2012).

In the case at bar, Plaintiff requests that this Court find his Fourteenth Amendment rights were violated because the administrative law court relied on perjured testimony in making its determinations. This adverse administrative decision was upheld by both the District Court for the County of Garfield, Colorado and the Colorado Court of Appeals as grounds for denying plaintiff relief against his attorney. Plaintiff seeks to invalidate these state court judgements. Thus, to review his underlying court cases based on Plaintiff's claims and consider the relief he requests would disrupt or undo the state court judgments. Therefore any federal claim that

Plaintiff's civil rights were violated are inextricably intertwined with the state court judgments and this Court lacks subject matter jurisdiction to review such claims.[1]

### D.  Conclusion

Plaintiff cannot state a cause of action against Defendant Hickenlooper.  Moreover, this Court lacks subject matter jurisdiction to review his claims.  Accordingly, it would be futile to allow him to amend.  As such this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

**ORDERED** that the action is dismissed for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __20th__ day of __April_____, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

---

[1]    As a final matter, the underlying premise for Plaintiff's claim does not state a claim upon which relief may be granted.  Specifically, witnesses such as Dr. Brodie are absolutely immune for liability in damages for their testimony in judicial and quasi-judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983); *Bloom v. Social Security Admin.*, 72 F. App'x 733, 735 n.2 (10th Cir. 2003).